

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-3-2005

# Arrow Drilling Co v. Carpenter

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-4200

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Arrow Drilling Co v. Carpenter" (2005). *2005 Decisions.* Paper 1483.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1483

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Nos:  03-4200/03-4376/04-1886/04-2038


ARROW DRILLING CO., INC., INDIVIDUALLY AND ON BEHALF OF ARROW
DRILLING, CO., INC. ADVANTAGE 419 PLAN; ARROW DRILLING CO.,
INC. BENISTAR 419 ADVANTAGE PLAN PARTICIPANTS, NESTOR GARZA,
JR., DAVID GARZA AND LUIS ROBERTO GARZA; PALM VALLEY HEALTH
CARE, INC., INDIVIDUALLY AND ON BEHALF OF PALM VALLEY HEALTH
CARE, INC. BENISTAR 419 PLAN; PALM VALLEY HEALTH CARE, INC.
419 PLAN PARTICIPANTS, ON BEHALF OF SIMILARLY SITUATED
INDIVIDUALS AND EMPLOYERS,

Appellants in 03-4200

v.

DANIEL CARPENTER; BENISTAR 419 PLAN SERVICES, INC.;
BENISTAR 419 AMIN SERVICES, INC. AKA BENISTAR 419
ADMINISTRATIVE SERVICES, INC.; BENISTAR EMPLOYER
SERVICES TRUST CORPORATION,

Appellants in Nos. 03-4376 & 04-2038

Arrow Drilling Co., Inc., individually and on behalf of
Arrow Drilling Co., Inc. Advantage 419 Plan; Arrow Drilling,
Co., Inc. Benistar 419 Advantage Plan Participants, Nestor
Garza, Jr., David Garza and Luis Roberto Garza,

Appellants in 04-1886


Appeal from the United States District Court
for the Eastern District of Pennsylvania
(No. 2:02-CV-09097)
District Court: Hon. Legrome D. Davis

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 19, 2005


1

Before: ALITO, McKEE and SMITH, Circuit Judges.


OPINION

Per Curiam

Appellants Arrow Drilling Co., Inc. and Palm Valley Health Care, Inc. are employers whose employees participated in the Benistar 419 Advantage Plan and Trust ("Benistar 419 Plan.").[1] Arrow Drilling alleges that Appellees Daniel Carpenter, Benistar 419 Plan Services, Inc., Benistar 419 Admin. Services, Inc., and Benistar Employer Services Trust Corporation (collectively, "Benistar") are fiduciaries of the Benistar 419 Plan who breached their duties in violation of Section 409 of the Employment Retirement Income Security Act ("ERISA").

Arrow Drilling now appeals from the district court's dismissal for lack of subject matter jurisdiction, and Benistar appeals the court's denial of its motion for attorney's fees.

Discussion

1. *Arrow Drilling's Appeals*

Our review of the district court's decision granting a motion to dismiss for lack of subject matter jurisdiction is plenary. *Gould Electronics, Inc. v. United States*, 220 F.3d

_____

[1]On August 29, 2003, Palm Valley Health Care, Inc. moved for voluntary dismissal without prejudice. By Memorandum and Order of September 23, 2003, the Court dismissed this case and denied Palm Valley Health Care, Inc.'s Motion for Voluntary Dismissal Without Prejudice as moot.

169, 176 (3d Cir. 2000). We review the district court's denial of Arrow Drilling's motion for leave to amend its complaint and the motion to reconsider for abuse of discretion. *Heyl & Patterson Int'l, Inc. v. F.D. Rich Housing of the Virgin Islands, Inc.*, 663 F.2d 419, 425 (3d Cir. 1981); *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1203 (3d Cir. 1995).

Inasmuch as we write only for the parties, there is no need to recite the factual and procedural history of this case. Although Arrow Drilling has filed separate appeals from the original September 25 Memorandum Order and the Amended Final Order, both Orders raise the same issues, and Arrow Drilling has not made additional argument that is specific to the Amended Final Order.

The district court has thoughtfully explained its conclusion that plaintiffs lack standing under ERISA and that the complaint must therefore be dismissed for lack of subject matter jurisdiction. *See Arrow Drilling Co., Inc. v. Carpenter*, 2003 WL 23100808 (E.D. Pa. Sept. 23, 2003). The court also explained that Fed. R. Civ. Proc. 15 "does not permit a plaintiff to amend a complaint 'to substitute a new plaintiff to cure the lack of subject matter jurisdiction.'" *Id.,* at *5. It is evident from the district court's thoughtful analysis that the court did not abuse its discretion in refusing Arrow Drilling's request to amend in violation of Rule 15, and we will therefore affirm substantially for the

3

reasons set forth by the district court.[2]

2. *Benistar's Cross-Appeal*

In its cross-appeal, Benistar argues that the district court abused its discretion in denying attorney's fees under 28 U.S.C. § 1927 given (what Benistar describes as) Arrow Drilling's bad faith and vexatious conduct. The district court concluded that Arrow Drilling's conduct did not unduly "multiply" the proceedings as is required for sanctions under 28 U.S.C. § 1927, and that its conduct also did not warrant sanctions under the court's inherent power.

Although we do not hesitate to find an abuse of discretion where it appears on the record, the district court was in the best position to assess the impact of counsel's stewardship of this litigation, and we can not conclude that the court abused its discretion in holding that the stewardship does not warrant sanctions.

Accordingly, we hold that the district court did not abuse its discretion in refusing to award attorney's fees.

---

[2] The District Court also explained why additional evidence Arrow Drilling sought to present was irrelevant and did not require reconsideration of its March 16, 2004 order.

4